## Sophronia B. Harding v. Andrew Harding.

1. TRIAL BY THE COURT—*Presumptions in Favor of.*—Where a case is tried by the court it is presumed that the law was properly applied to the facts by the court unless the record affirmatively shows to the contrary.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cass County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 19, 1896.

CHARLES A. BARNES, attorney for appellant; HENRY PHILLIPS, of counsel.

R. W. MILLS, attorney for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Assumpsit brought by appellant against appellee, tried by the court without a jury and resulting in a finding and judgment for the defendant, from which, on exception duly taken, this appeal is prosecuted.

The sole cause of action was a promissory note of which the following is a copy :

"August the 30th, 1885.

On or before the first day of June, 1886, I promise to pay S. B. Harding $700, for value received.

ANDREW HARDING."

Three pleas were filed—the general issue, total want of

consideration and set-off of indebtedness for personal property, by the defendant sold and delivered to the plaintiff.

To the first the *similiter* was added; to the second a replication that the note was given for a good and valuable consideration, concluding to the country; and to the third two replications, first, the statute of limitations, and second, that plaintiff was the wife of defendant; that he abandoned her and her minor child, and has since failed to support her; that he also abandoned and left with her the property mentioned in said plea of set-off, and that she used the same and the proceeds in the necessary support of herself and said minor child.

We do not find in the record that any issue of fact or law was made upon either of these replications. Yet in the statement prefixed to the brief of appellant it is said that the court found for the plaintiff as to the note—that it was given for a valuable consideration and was a subsisting obligation, but also that she was indebted to the defendant as alleged in the plea of set-off, and holding that it should be allowed against her claim, rendered judgment for him. It was further said that this had been conceded by defendant's counsel on the trial below and no doubt would be here. This expectation, however, was disappointed. Counsel did not so concede here nor admit that he had done so there, but argued among other points that if the court did find for the defendant on that plea such finding was well sustained by evidence.

We have no means of knowing judicially with certainty what the finding was on any of the particular issues. The record only shows, generally, that the court found for the defendant. No propositions of law were submitted by either party. It must therefore be presumed that the law was properly applied to the facts by the court, sitting as a jury, unless the record affirmatively shows to the contrary. Belleville Savings Bank v. Bornman, 124 Ill. 200; Montgomery v. Black, Ibid. 57; Tibballs v. Libby, 97 Id. 552, and other cases cited in these. No error is assigned on any ruling as to the admission or exclusion of evidence. Every

one except the last, which is general—that the court erred in rendering judgment for the defendant—rests upon the assumption of a finding for the defendant on his plea of set-off.

From the fact already stated, that he did not rejoin to either replication to that plea, each concluding with a verification, and from his own testimony we would infer that the assumption was unwarranted, and from the evidence, that it was upon the second plea, which was that there was no consideration for the note. In that view the only question would be whether there was evidence sufficient to support it; and if there was, the judgment was required, whatever may have been the view of the court as to the counter claim.

The parties were and are husband and wife, married in 1856, and having grown up children, but living unhappily together for years before the note in suit was made. They, and so far as appeared, they only, knew why it was made; and upon the question whether it was for any good or valuable consideration their testimony was in direct and irreconcilable conflict. It would be useless to discuss or even state it in substance. So far as we can infer from the facts testified to by others, simply as they appear in the record, it seems to us that the reasonable inferences and probabilities are at least quite as strongly in favor of appellee's version as of appellant's. We must therefore defer to the finding of the judge who saw and heard the witnesses.